JOHNSON v. MURRAY, JUDGE LAKE COUNTY CRIMINAL COURT
TUCKER v. RABB, JUDGE MARION COUNTY CRIMINAL COURT
DIVISION TWO

[No. O-321. No. O-325. Filed March 5, 1953.]

PER CURIAM.—In the first of the above captioned matters the petitioner, appearing *pro se*, files what he designates as a petition for alternative writ of mandamus to compel certain action by the Lake County Criminal Court.

In the second of the above captioned the petitioner, appearing *pro se*, files petition for writ of prohibition directed to the Judge of the Marion County Criminal Court, Division No. 2.

Although the matters are unrelated, the relief sought in each relates to a proceeding in an inferior court, but fails to comply with the requirements of Rule 2-35.

The issuance of the writ is therefore denied in each instance. *Cole* v. *Baker, Judge* (1951), 230 Ind. 174, 101 N. E. 2d 925.

NOTE.—Reported in 110 N. E. 2d 745.

HALL v. LAPORTE COUNTY CIRCUIT COURT, DAVIE, JUDGE ETC. ET AL.

[No. O-328. Filed March 9, 1953.]

PER CURIAM.—The above matter purports to be a petition for writ of mandate. Rule 2-35 of this court, 1949 Revision, provides that petitions for writs of mandate shall be verified and filed in triplicate and if the relief sought relates to a proceeding in an inferior court, as does the petition herein, certified copies of all pleadings, orders and entries pertaining to the subject matter must be set out in the petition, or submitted as exihibits thereto. The petitioner herein has failed to comply with this rule and for that reason said petition is denied.

NOTE.—Reported in 110 N. E. 2d 745.